IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHILOE BEASLEY,<br><br>      Plaintiff,<br><br>v.<br><br>WILLIAM FRANKLIN and<br>RODNEY ANDERSON,<br><br>      Defendants. | Case No. 24-cv-2347-NJR |

## MEMORANDUM AND ORDER

**ROSENTENGEL, Chief Judge:**

Plaintiff Shiloe Beasley, an individual who is currently detained at Chester Mental Health Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Beasley alleges that security therapy aid workers William Franklin and Rodney Anderson used excessive force against him.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

According to the allegations in the Complaint, on August 23, 2024, Shiloe Beasley got into a disagreement with staff at Chester Mental Health Center over whether he could

1

go barefoot in the hall (Doc. 1, p. 9). Beasley alleges that he had athletes' foot and needed to let his feet breathe (*Id.*). Security aid therapy workers ignored his needs and threatened to withhold Beasley's food tray if he refused to put on shoes. Beasley continued to argue with security staff, so William Franklin, Rodney Anderson, and other staff members restrained him and pushed him to the ground. Then staff members punched and pinched Beasley, placed him in handcuffs, and took him to a restraint room (*Id.*). Once Beasley was strapped to a restraint bed, Rodney Anderson choked Beasley with his hands for 30 to 40 seconds (*Id.* at pp. 6-7, 9-10). Then William Franklin punched Beasley in the mouth and stomach (*Id.* at pp. 6-7, 10). During this time, Beasley was restrained on the bed and unable to defend himself (*Id.*).

## Discussion

Based on the allegations in the Complaint, the Court designates the following counts:

> **Count 1:** Fourteenth Amendment excessive force claim against Rodney Anderson and William Franklin for choking and punching Beasley on August 23, 2024.
>
> **Count 2:** Illinois state law claim for battery for the attack on Beasley.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered**

**dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[1]

Beasley appears to be a pre-trial detainee housed at Chester Mental Health pending his criminal proceedings in Peoria County, Illinois. *See State of Illinois v. Beasley*, 2024-CF-0000185 (Peoria Cnty. Ct. 2024); *State of Illinois v. Beasley*, 2023-CF-0000996, (Peoria Cnty. Ct. 2023). Thus, his claim of excessive force falls under the Fourteenth Amendment. *Lewis v. Downey*, 581 F.3d 467, 473 (7th Cir. 2009). *See Kingsley v. Henderson*, 576 U.S. 389 (2015) (Fourteenth Amendment excessive force claim). To state a claim for excessive force under the Fourteenth Amendment, Beasley must show "that the force purposefully or knowingly used against him was objectively unreasonable." *Kingsley*, 576 U.S. at 396-7. Beasley adequately alleges that Anderson and Franklin used an unreasonable amount of force against him. Thus, Count 1 shall proceed against Anderson and Franklin.

Beasley also states a viable state law claim for battery. Where a district court has original jurisdiction over a civil action, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a). Beasley's state law claims derive from the same factual allegations as his federal claims. *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008) (a loose factual connection between the federal and state claims is

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

generally sufficient). Thus, the Court will exercise supplemental jurisdiction over the state law claim in Count 2.

## Disposition

For the reasons stated above, Counts 1 and 2 shall proceed against William Franklin and Rodney Anderson.

The Clerk of Court shall prepare for Defendants William Franklin and Rodney Anderson: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Beasley. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Beasley, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g).

4

**Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Beasley, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Beasley is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  December 9, 2024**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**